# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:10-cv-201-FDW-DCK

| | |
|---|---|
| KENYOTTA D. PERRY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | ORDER |
| ACCURATE STAFFING ) | |
| CONSULTANTS, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Defendant's motion to dismiss. (Doc. No. 3). Pursuant to the Court's order dated June 8, 2010, Defendant's motion was converted to a motion for summary judgment. After a review of the briefs, entire record, and applicable case law, the Court GRANTS Defendant's motion. (Doc. No. 3).

## I. BACKGROUND

Plaintiff Kenyotta D. Perry, represented by counsel, brings this action against Defendant Accurate Staffing Consultants, Inc. based on racial and sexual discrimination. Defendant hired Plaintiff in April 2008, and ultimately terminated Plaintiff in September 2009. Plaintiff subsequently filed a grievance with the Equal Employment Opportunity Commission ("EEOC"). On Monday, January 25, 2010, the EEOC mailed Plaintiff a Right to Sue Notice advising her to file suit within ninety days or her right to sue based on this charge would be lost. On Wednesday, April 28, 2010, Plaintiff partially opened a case in this matter and paid the filing fee online with the Clerk of Court. However, Plaintiff's did not successfully file a complaint in the Case Management and Electronic Case Filing System ("CM/ECF") on Wednesday, April 28, 2010. On Tuesday, May 4, 2010, the Clerk's office noticed the case had not been properly opened because no complaint had

been filed, and immediately contacted Plaintiff's counsel. Later that same day, Plaintiff successfully filed her complaint on CM/ECF. On May 26, 2010, Defendant filed the pending motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that Plaintiff's complaint was not timely filed within ninety days of receipt of the EEOC Notice. Because the parties had attached exhibits for the Court to consider outside of the pleadings, the Court, *sua sponte*, converted Defendant's motion to dismiss to a motion for summary judgment, and provided notice to the parties of the conversion. On June 10, 2010, the Court held a hearing on this matter, in which counsel for both parties were present. After hearing argument, the Court directed the parties to file supplemental briefs on the applicability of equitable tolling and excusable neglect relating to this filing. The Court has carefully reviewed the record in this case, including the supplemental briefs provided by the parties, and this matter is ripe for review.

## II. DISCUSSION

Defendant contends that Plaintiff failed to file this suit within ninety days of receiving the EEOC's Right to Sue Notice, and therefore, Plaintiff's claim is time-barred. Title VII provides that an employee is authorized to file a civil action within ninety days of receipt of notice to sue. 42 U.S.C. § 2000e-5(f)(1). Plaintiff was notified of this deadline in the EEOC's Right to Sue Notice, which stated "Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost." (Doc. No. 1, Exhibit 1). "[T]he right to bring suit under Title VII is lost, absent grounds for equitable tolling, by a failure to file within the ninety-day period following receipt of the EEOC's right to sue letter . . . ." Dixon v. Digital Equip. Corp., 976 F.2d 725, 725 (4th Cir. 1992) (unpublished table decision) (citations omitted).

Plaintiff's complaint does not allege the date Plaintiff received the EEOC Right to Sue Notice. If the date is unknown, then it is presumed that service by regular mail is received within

three days pursuant to Fed. R. Civ. P. 6(d).  Nguyen v. Inova Alexandria Hosp., 187 F.3d 630 (4th Cir. 1999) (unpublished table decision) (recognizing when the date of receipt is unknown or in dispute, Rule 6(e) applies).[1]  Applying the three-day rule, Plaintiff presumably received notice on Thursday, January 28, 2010, and the limitations period expired ninety days later, on Wednesday, April 28, 2010.  While Plaintiff's counsel attempted to open a case on Wednesday, April 28, 2010, Plaintiff's complaint was not successfully filed until Tuesday, May 4, 2010.  On its face, the filing of Plaintiff's complaint was six days late.

A civil action is "commenced" by the filing of a complaint with the court.  Fed. R. Civ. P. 3; Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149 (1984).  Nothing in Title VII offers a different definition of what it means to commence or institute an action within the ninety-day period.  Id.; see also 42 U.S.C. § 2000e-5(f)(1); McNeil v. United States, 508 U.S. 106, 112 (1993) ("[T]he normal interpretation of the word 'institute' is synonymous with the words 'begin' and 'commence.'").  Further, the Western District of North Carolina Administrative Procedures Governing Filing and Service by Electronic Means state that: "[a] document shall not be considered filed for purpose of the Federal Rules of Civil Procedure until the filing party receives a system-generated 'Notice of Electronic Filing' described in II(B)1 of these procedures." (Section II(A)(1)(a)).

Here, Plaintiff's counsel paid the filing fee on April 28, and received a case number, but failed to successfully upload the complaint until six days later.  It also appears that a "Notice of Electronic Filing" was not issued on April 28, though Plaintiff's counsel received a receipt showing

---

[1] This decision, among other prior decisions, references the three-day "mailbox rule" in Rule 6(e).  Rule 6 of the Federal Rules of Civil Procedure was amended in 2007, and the substance of former Rule 6(e) was renumbered to the current Rule 6(d).

payment of the filing fee. Since Plaintiff did not successfully file the complaint within ninety days, her claims are barred absent a showing of equitable tolling.

Plaintiff argues that the circumstances in this case merit equitable tolling, the application of which would excuse the untimely filing of Plaintiff's complaint. Title VII's statutory time limits are subject to equitable tolling. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982) ("[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."); see also Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95-96 (1990).

The Fourth Circuit has recognized that "principles of equitable tolling may, in the proper circumstances, apply to excuse a plaintiff's failure to comply with the strict requirements of a statute of limitations." Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000). However, the court has a duty to uphold time limitations enacted by the legislative branch. Yarborough v. Burger King Corp., 406 F. Supp. 2d 605, 608 (M.D.N.C. 2005). The Supreme Court has cautioned that "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of vague sympathy for particular litigants." Baldwin, 466 U.S. at 152. Thus, the equitable remedy of tolling is "typically [applied] only sparingly." Irwin, 498 U.S. at 96; see also Chao v. Va. Dep't of Transp., 291 F.3d 276, 283 (4th Cir. 2002) (recognizing "[t]he circumstances under which equitable tolling has been permitted are . . . quite narrow").

The Fourth Circuit in Rouse v. Lee explained "rarely will circumstances warrant equitable tolling." 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (citing Harris, 209 F.2d at 330 (" any resort to equity must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.")) Those rare instances include "situations where the claimant has

actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Irwin, 498 U.S. at 96.

The Fourth Circuit has also recognized that equitable tolling is appropriate when "extraordinary circumstances beyond plaintiff['s] control [make] it impossible to file the claims on time." Harris, 209 F.3d at 330 (citations omitted); Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001). The test adopted to make such a determination provides that an otherwise time-barred plaintiff is entitled to relief only if he can show: "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (citing Rouse, 339 F.3d at 246); Harris, 209 F.3d at 330. Regardless of the circumstances, equitable tolling is not appropriate "where the claimant failed to exercise due diligence in preserving his legal rights." Irwin, 498 U.S. at 96. However, the doctrine of equitable tolling permits courts to deem filings timely where a litigant can show that "he has been pursuing his rights diligently" and that "some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (citing Irwin, 498 U.S. at 96).

Equitable tolling does not lend itself to bright line rules because it is a "'discretionary doctrine that turns on the facts and circumstances of a particular case.'" Harris, 209 F.3d at 330 (quoting Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999)). Nonetheless, the Supreme Court has drawn a fairly vivid line along the contours of equitable tolling by concluding that the doctrine does "not extend to . . . a garden variety claim of excusable neglect." Irwin, 498 U.S. at 96; Rouse, 339 F.3d at 246. Courts within the Fourth Circuit have consistently relied on Irwin in rejecting application of equitable tolling based on allegations of excusable neglect. See, e.g., Stukes v. Chertoff, No. 3:06-CV-316, 2007 WL 3226458, at *4 (W.D.N.C. Oct. 29, 2007); Brown v.

McKesson Bioservices Corp., No. DKC2005-CV-0730, 2006 WL 616021, at *3 (D. Md. Mar. 10, 2006); McCaskill v. Dep't of Army, No. 1:05-CV-536, 2006 WL 314555, at *4-5 (M.D.N.C. Feb. 8, 2006).

Recently, the Fourth Circuit recognized that attorney negligence, such as letting a case "[fall] through the cracks," is not extraordinary. Gayle v. United Parcel Serv., Inc., 401 F.3d 222, 227 (4th Cir. 2005). The Fourth Circuit in Rouse also noted "the actions of [a client's] attorneys are attributable to [the client], and thus, do not present 'circumstances external to the party's own conduct.'" 339 F.3d at 249 (quoting Harris, 209 F.3d at 330); see also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 397 (1993).

Moreover, counsel's unfamiliarity with an electronic filing system that leads to the mistaken belief that a complaint has been timely filed is not an extraordinary circumstance that warrants equitable tolling. See Johnson v. Astrue, No. 3:09-CV-46, 2010 WL 2365527, at *3-4 (N.D. W. Va. June 8, 2010) (citing Townsley v. Astrue, No. 8:07-CV-1335, 2008 WL 1897598, at *9 (M.D. Fla. Apr. 28, 2008)). In Johnson, the plaintiff's attorney faxed a civil action cover sheet and the first two pages of a complaint to the clerk's office within the limitations period, but did not properly file the complaint through the CM/ECF system. Id. at *1. Even though a new case file was opened and case number was assigned within the limitations period, the court found equitable tolling should not apply on the basis of excusable neglect. Id. at *3-4.

Unfortunately for Plaintiff, while the facts of this case are unusual, they fall short of being extraordinary. Similar to Johnson, Plaintiff's counsel failed to successfully file the complaint on CM/ECF within the ninety-day statutory period. Indeed, Plaintiff's counsel performed enough steps to receive an assigned docket number and to pay the filing fee, but no complaint was filed. As Johnson recognized, such steps are insufficient to timely "file" a civil action within the limitations

period. Id. at *3. Counsel's decision to represent Plaintiff obligates counsel to become familiar with electronic filing. Id. Here, Plaintiff's counsel asks the Court to render his actions excusable neglect. Plaintiff's counsel provides no explanation or excuse external to his own actions that caused him to fail to upload Plaintiff's complaint. Plaintiff waited until the last day to attempt filing suit, though Plaintiff's counsel conceded in open court that he was retained in the matter at least two months in advance of the deadline. Plaintiff's counsel should have known that he ran a risk in filing the complaint on the afternoon of the expiration of the ninety-day period. Further, Plaintiff's counsel should have been on alert that the action was not filed after counsel failed to receive a Notice of Electronic Filing. The Court finds these actions are none other than garden variety excusable neglect, and, thus, equitable tolling should not be applied.

Plaintiff's counsel also attempts to argue that his partial opening should deem the complaint timely and that the Clerk's office had "custody" of the complaint within the limitations period. Plaintiff's counsel contends that once a paper is in the custody of the clerk, it is deemed "filed." See Royall v. Nat'l Ass'n of Letter Carriers, AFL-CIO, 548 F.3d 137, 141-42 (D.C. Cir. 2008). Here, Plaintiff's contention on this point is not persuasive because the Clerk's office never had custody of the complaint within the limitations period. Technically, the complaint did not "arrive" at the Clerk's office until May 4, 2010, when Plaintiff's counsel successfully uploaded the document on CM/ECF.

Finally, Plaintiff's counsel argues that Defendant cannot show any prejudice suffered by the untimely filing of Plaintiff's complaint, as it was filed only six days late. However, the absence of prejudice alone is insufficient to justify equitable tolling. See Baldwin, 466 U.S. at 152 ("Although absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply . . . it is not an independent basis for invoking the doctrine . . . .").

The Fourth Circuit has cautioned, "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris, 209 F.3d at 330. Considering the facts in a light most favorable to Plaintiff, Plaintiff cannot show that extraordinary circumstances prevented Plaintiff's counsel from filing this suit within the prescribed time period; nor can Plaintiff show that the circumstances were beyond Plaintiff's control or external to Plaintiff counsel's own conduct. Therefore, equitable tolling is not appropriate. Without tolling, Plaintiff's filing is untimely.

### III. CONCLUSION

Accordingly, for the reasons set forth in this Order, Defendant's motion to dismiss (Doc. No. 3) is GRANTED. Plaintiff's claims are time-barred and are dismissed with prejudice. The Clerk is directed to enter judgment in favor of the Defendant and close this matter.

IT IS SO ORDERED.

Signed: June 30, 2010

Frank D. Whitney
United States District Judge